ROGERS, Justice.
 

 This is a suit brought under the provisions of Act No. 330 of 1938. Plaintiff, a taxpayer, prays for judgment, decreeing that the seven-mill tax levied for the year 1941 by the Orleans Parish School Board in excess of 85% of the assessed valuation of plaintiff’s property be declared “illegal, unconstitutional, null, void, and of no effect,” and for judgment for $4.72, with interest and costs. The Orleans Parish School Board intervened in the suit and
 
 *272
 
 joined with defendant in resisting plaintiff’s demands.
 

 The case was tried in the court below on an agreed statement of facts and resulted in a judgment in favor of plaintiff as prayed for. From this judgment, the defendant and the intervener have appealed.
 

 On August 27, 1940, the Orleans Parish School Board, acting under the authority of Section 16 of Article 12 of the State constitution, levied for school purposes for the year 1941 a tax of seven mills on the dollar of the assessed valuation of all property within the City of New Orleans assessed for city taxation. On November 19; 1940, in compliance with the constitutional provision, the school board certified the fact of its levying the tax to the Commission Council of the City of New Orleans, and by Ordinance No. 15,197, adopted December 3, 1940, the Commission Council caused the tax as levied by the School Board to be entered upon the tax rolls of the City and provided for its collection in the manner and under the conditions prescribed for the collection of city taxes.
 

 Plaintiff, under protest, paid the taxes based upon 100% of the assessed valuation of his property.
 

 ’ In his petition, plaintiff alleges that section 16 of Article 12 of the State constitution restricts the right of- the School Board in levying the tax to the same percentage of the assessed valuation adopted by the City of New Orleans for the purpose of its own taxation. Plaintiff also alleges that since the adoption of the Constitution of 1921, the right of the School Board to levy the tax under the constitutional provision has been construed by the School Board and the governing authorities of the City to be restricted to the same percentage used by the city. Plaintiff further alleges that by reason of the rejection by the electors of Act 42 of 1924, proposing an amendment to section 16 of Article 12 of the Constitution of 1921, the School Board may not levy the seven-mill tax on a percentage of the assessed valuation different from the percentage adopted by the municipality.
 

 It is admitted that the plaintiff is properly before the court and that the amount of $4.72, claimed by plaintiff, represents the difference in taxes based upon 85% and upon 100% of the assessed valuation of his property.
 

 The case involves the interpretation of section 16 of Article 12 of the Constitution of 1921, which reads, in part as follows: “§ 16. [As amended by Act 264 of 1926.] The Orleans Parish School Board, or its successor in law, shall levy annually' a tax not to exceed seven (7) mills on the dollar on the assessed valuation of all property within the city of New Orleans assessed for city taxation and shall certify the fact to the Commission Council of the City of New Orleans, or other governing body of said City, which shall cause said tax to be entered on the tax rolls of said city and collected in the manner and under the conditions and with the interest and penalties prescribed by law for city taxes.”
 

 The territorial limits of the City of New Orleans are co-extensive with the ter
 
 *274
 
 ritorial limits of the Parish of Orleans, but the City of New Orleans and the Orleans Parish School Board are separate and distinct political entities. The City of New Orleans is operating as a municipality under the provisions of Act 45 of 1896 and its amendments, and the Orleans Parish School Board is operating as a State agency for the administration of public education under the provisions of Act 100 of 1922 and its amendments.
 

 Assessments for the Parish of Orleans are made by the Board of Assessors of the Parish and the Louisiana Tax Commission, and not by the Commission Council nor by the Parish School Board.
 

 Section 1 of Article 10 of the Constitution of 1921 provides: “The valuation and classification fixed for State purposes shall be the valuation and classification for local purposes; but the taxing authorities of the local sub-division may adopt a different percentage of such valuation for purposes of local taxation.”
 

 Section 7 of Act 227 of 1936, relative to the assessment and taxation of real and personal property in the Parish of Orleans, provides: “The valuation and classification fixed for State purposes shall be the valuation and classification for the purposes of the City of New Orleans, but the Commission Council of said city may adopt a different percentage of such valuation for purposes of city taxation, provided, that the percentage of the actual cash valuation of the property assessed in the City of New Orleans for city purposes shall not fall below twenty-five percent of the actual cash valuation, as fixed by the Louisiana Tax Commission.”
 

 Section 16 of Article 12 of the Constitution of 1921, the pertinent portion of which we have hereinabove quoted, authorizes the Orleans Parish .School Board to levy taxes based on' the assessed valuation of all the property within the municipality assessed for city taxation.
 

 It will thus appear that the taxes levied by the Commission Council for municipal purposes and the taxes levied by the Parish School Board for educational purposes must be based on the valuation and classification for State purposes as fixed by the Board of Assessors and the Tax Commission, with the right accorded to each of those political corporations to levy its taxes either on a percentage of or on the entire valuation of property as fixed by the assessing authorities.
 

 An analysis of section 16 of Article 12, which is the constitutional provision under review, discloses that it first authorizes the School Board to levy the tax and then prescribes the ' manner of its collection.
 

 The opening words of the initial sentence in the first paragraph of the constitutional provision are as follows: “The Orleans Parish School Board, or its successor in law, shall levy annually a tax not to exceed seven (7) mills on the dollar on the assessed valuation of all property within the city of New Orleans assessed for city taxation * * *.”
 

 Since the City cannot tax public property, nor property owned by educational and
 
 *276
 
 charitable institutions and by religious organizations, it is clear that the framers of the Constitution had that fact in mind when they provided that the taxes levied by the School Board should be based only on the assessed valuation for city taxation. Under the constitutional provision the School Board is required to levy taxes on all taxable property within the municipality and to fix the rate of taxation within the allowable millage.
 

 It is argued on behalf of plaintiff that the words, “in the manner and under the conditions * * * prescribed by law for city taxes,’’ are a limitation upon the right of the School Board to certify taxes to the municipality for collection with the other real estate taxes, which taxes are collected by the municipality on the basis of 85% of the assessed valuation of the real estate. The argument is not sound. The words on which the argument is founded must be read in connection with^the language used in the entire constitutional provision.
 

 As we have shown, after empowering the School Board to determine the rate and fix the tax, the constitutional provision sets up the manner in which the tax shall be collected. The School Board is required to certify the tax to the Commission Council which must cause it to be entered upon the tax rolls of the City and to be collected in the manner and under the conditions and with the interest and penalties prescribed by law for city taxes. The tax levied by the School Board is based on the assessment as fixed by the Board of Assessors for municipal taxation, but it is not necessarily based on the percentage of that assessment as fixed by the Commission Council. This is true, because, otherwise, it would lie within the power of the Commission Council, a separate and distinct political body, to determine and fix the rate of taxation for school purposes, a right which, under the law, is granted to the Parish School Board.
 

 The assessed valuation for the taxable property within the municipality is fixed by the Board of Assessors. The percentage of the assessment and the rate of taxation for school purposes is determined by the Parish School Board. At the request of the Board, the tax as levied is entered on the tax
 
 rolls
 
 of
 
 the City, by order
 
 of the Commission Council, to be collected by the city tax collectors in the same manner and under the conditions and with the interest and penalties prescribed by law for city taxes. In the absence of this provision, the School Board would have to collect its own taxes. But the School Board always has been a tax levying body, never a tax collecting body. Having granted the School Board the right to levy taxes, it was necessary for the framers of the Constitution to provide for their collection. In placing this duty upon the municipality, it clearly was not the intention of the lawmakers to grant to the municipality, as the designated tax collecting agency, the right to reduce the revenues of the School Board, the tax levying body, by lowering the percentage of the assessed valuation of the taxable property on which the tax is levied. The School Board, and not the Commission Council, knows its own financial re
 
 *278
 
 quirements — what funds it needs for carrying on the public educational system of the municipality, which by law has been placed under its control.
 

 The constitutional provision grants the right to the taxing authorities of a local subdivision to adopt whatever percentage of assessment they may desire for their own taxation, but it does not grant the right to a local subdivision to adopt a percentage of the assessment for another local political corporation. Under the constitutional provision, the Commission Council may adopt for its own purposes whatever percentage of the assessment fixed by the Board of Assessors it may desire, and the Parish School Board may adopt for its own purposes whatever percentage of the assessment it may deem necessary. The City of New Orleans and the Orleans Parish School Board are separate political corporations and each is vested with exclusive jurisdiction of all matters within its own sphere. If plaintiff’s position should be maintained, it would mean that the School Board would be divested of its control of its finances which would be under the exclusive jurisdiction of the Commission Council, another political corporation.
 

 The School Board may lower the millage or it may, under the authority of'section 1 of Article 10 of the Constitution, adopt the percentage of assessment it may consider necessary for school purposes, but whatever millage is fixed and whatever percentage of the assessment is adopted, the taxes are necessarily levied “on the assessed valuation of all property within the city of New Orleans assessed for * * * taxation.”
 

 It is also argued on behalf of plaintiff, and the argument was accepted as correct by the trial judge, that because in section 15 of Article 12 of the Constitution the language used is, “assessed valuation of all property,” , and in section 23.1 and other sections of Article 14 of the Constitution the words used are “all the taxable property * * * in the City of New Orleans,” and the words, “assessed for city taxation,” are omitted, it was the intention of the framers of the Constitution to restrict the School Board to the percentage of the assessment as fixed by the municipality for the collection of its own taxes.
 

 The right of the City of New Orleans, in common with other local subdivisions, to fix the percentage of the assessments on which it levies and collects its taxes is granted by section 1 of Article 10 of the Constitution. This right is also granted by section 7 of Act 227 of 1936. The other constitutional provisions to which reference is made on behalf of plaintiff do not affect that right in any particular.
 

 The trial judge stresses the importance of the words “as assessed and valued for city taxation purposes” used in section 25 of Article 14 of the Constitution, and concludes that by the use of those words and the words, “assessed for city taxation,” in section 16 of Article 12 of the Constitution, the framers of that instrument intended that the taxes levied by the School Board should be levied upon the percentage of the assessment adopted by the municipality.
 

 Section 25 of Article 14 of the Constitution, to which reference is made by the trial judge in his written reasons for judg
 
 *280
 
 ment, requires the City of New Orleans to levy a special tax on all taxable property within its limits for the 'maintenance of a double platoon system in the Fire Department and a triple platoon system in the Police Department. The tax which, under this constitutional provision, the City is required to levy for the benefit of its police and fire departments is clearly a tax which it is required to levy for its own benefit and not for the benefit of the Parish School Board, which is a parochial and not a municipal unit.
 

 The right of the School Board to tie its taxes to the percentage of the assessment adopted by the Commission Council as the basis for levying the special tax for the benefit of its police and fire departments is not governed by the language used in the constitutional provision imposing that obligation upon the city, but is governed by the general power to fix percentages granted to the taxing authorities of any local subdivision under section 1 of Article 10 of the Constitution.
 

 The trial judge states that the words in question were intended to have some meaning and that to give them a meaning other ■than that which he has given them would be, in effect, to write the words out of the Constitution. The language, “assessed valuation of all property within the city of ■New Orleans assessed for city taxation,” are clear on their face, and to omit from the phrase the words, “assessed for city taxation,” would destroy the intention of the lawmakers, which, obviously, was to ex- ' elude from taxation for school purposes all the property which is not assessed for municipal purposes. The value of this property in the City of New Orleans is very great, as it includes all the property belonging to the federal, state, and municipal governments and to religious, charitable and educational institutions.
 

 In seeking an interpretation of section 16 of Article 12 of the Constitution, plaintiff invokes the well-known doctrine of contemporaneous construction. Plaintiff asserts that since the School Board, over a number of years, collected its tax of seven mills on 85% of the assessed valuation of all the property in the City of New Orleans, the action of the School Board amounts to a construction of the constitutional provision which is binding upon the Board. Plaintiff asserts that by rejecting a proposed amendment (Act 42 of 1924) eliminating the words, “assessed for city taxation,” in section 16 of Article 12 of the Constitution, the voters of the State confirmed the construction placed by the School Board upon the constitutional article. And, furthermore, that in August, 1938, the City Attorney, its then legal adviser, rendered an opinion in which he advised the School Board that it was without authority to levy taxes on the basis of 100%''of the assessed valuation of the property in the City, but could collect the tax only upon the 85% of the assessed valuation as fixed by the Commission Council. On the other hand, in 1940, the Attorney General, who is the present legal adviser of the School Board, through one of his special assistants ruled that under his interpretation of the constitutional provision, “the seven-mill tax should be based and collected upon a 100% assessment and not
 
 *282
 
 upon the 85% assessment upon which the City collects its taxes.”
 

 Weight is given to the doctrine of contemporaneous construction only when the statute under review is ambiguous and susceptible of two reasonable interpretations. Contemporaneous construction is a rule of interpretation, but it is not an absolute one. It does not preclude an inquiry by the courts as to the original correctness of such construction. Houghton v. Payne, 194 U.S. 88, 24 S.Ct. 590, 48 L.Ed. 888.
 

 All the parties to this controversy agree that the constitutional provision under review is free from ambiguity and therefore there is no reason for applying the doctrine of contemporaneous construction, which, however, is earnestly insisted upon by counsel for plaintiff. The fact that the predecessors in office of the present School Board may not have seen fit to levy taxes based upon the full 100% of the assessed valuation of property and that the constitutional provision has been incorrectly construed by an individual City Attorney, cannot deprive the present School Board of the revenues which it is entitled to receive under the law.
 

 In our discussion of the constitutional provision we have shown that plaintiff’s interpretation of the constitutional provision is not a reasonable one. To permit the Commission Council to fix the percentage of assessment on which the School Board must levy taxes to support its schools would, in effect, nullify the intent of the framers of the constitution to vest that power in the school board and not in the municipality.
 

 For the purpose of obtaining the funds to operate the school system of the City, the School Board is limited under law to the annual tax of seven mills and to the current school funds of the State, whereas the City has sources of revenue other than those received from taxes levied on real and personal property. It cannot be disputed that if the receipts from other sources of revenue are sufficient to justify its action, the Commission Council may at any time lower the 85% of the assessment on which it is presently collecting its taxes. Under plaintiff’s interpretation of section 16 of Article 12 of the Constitution, if the Commission Council should decide to do this, the School Board would be bound by the Council’s, action notwithstanding that the needs of the school system which it administers might require that 85% of the assessment be retained as a basis for the levy of its taxes. Under these circumstances, the Commission Council would be able to reduce revenues of the School Board to an extent that would seriously cripple its operations, or perhaps compel it to close some, or all of its schools, and dismiss the teachers. An interpretation of the constitutional provision that would lead to such an absurd and serious consequence is not reasonable and cannot be accepted.
 

 The fact that the voters refused to adopt Act 42 of 1924, the proposed constitutional amendment, cannot affect the rights granted the School Board under section 16 of Article 12 of the Constitution. The only way in which that could be done would be by constitutional amendment expressly abrogating or restricting those rights.
 

 
 *284
 
 For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment herein in favor of the defendant, Jess S. Cave, Commissioner of Finance an ex-officio City Treasurer, and the intervener, Orleans Parish School Board, and against the plaintiff, Walter Parker, dismissing plaintiff’s suit at his cost.