McCALEB, Justice.
 

 ■ The relator, Henry M. Munsch, has prosecuted this appeal from a judgment dismissing his suit on an exception of no right or cause of action. In his petition, he alleges, in substance, as follows: That, from the year 1918 until October 23, 1940, he was employed in a clerical capacity by the Board of Commissioners of the Port of New Orleans, a governmental agency of the State of Louisiana, as a civil service employee under Act 15 of the Extra Session of the Legislature of 1915; that, at all times during the tenure of his employment, he performed the duties assigned to him faithfully, efficiently and honestly; that, in spite of the provisions of the Civil Service Tenure Law (Act 15 of 1915 Ex. Sess.), relating to employees of the Board
 
 *288
 
 of Commissioners of the Port of New Orleans, .he was discharged without cause by the respondent Board on October 23, 1940; that he immediately protested to the Board that it lacked the right to dismiss him from the service in the absence of just grounds and that he was thereafter advised by the general counsel of the Board that, since Act 15 of 1915 had been repealed by Act 16 of the Second Extraordinary Session of the Legislature of 1935, he held his position subject to the pleasure of the Board which could dismiss him at any time without assigning cause therefor.
 

 Claiming that, by virtue of the provisions of Act 15 of 1915, he was given a permanent contract of employment, which the Legislature in 1935 was without right or power to set aside by repeal, and that its action in so doing impaired the obligation of his contract in violation of Section 15 of Article 4 of the Constitution of Louisiana of 1921 and Article 1, Section 10 of the Constitution of the United States, the relator prayed that an alternative writ of mandamus issue commanding the Board of Commissioners of the Port of New Orleans to rescind its action in discharging him from his position and also commanding it to reinstate him in its employ and to pay him his salary of $150 per month from October 23, 1940.
 

 The question presented for decision is whether relator’s employment under the provisions of Act Í5 of 1915 constituted a contract of permanent hiring by the Board of Commissioners of the Port of New Orleans which could not be cancelled, altered or amended by subsequent action of the Legislature and whether its action in repealing the Civil Service Law respecting Dock Board employees is violative of the applicable sections of the Constitutions of' the United States and of this State, which prohibit the passage of any law impairing or abrogating the obligation of contracts.
 

 It is the firmly established jurisprudence that, if a State descends from the plane of its sovereignty, and enters into a contract with a private citizen, the Legislature cannot impair the obligation of such a contract by subsequent enactment. See Trustees of Dartmouth College v. Woodward, 4 Wheat. 518, 4 L.Ed. 629, and Hall v. Wisconsin, 103 U.S. 5, 26 L.Ed. 302. On the other hand, it is also well settled that legislation, which merely declares a State policy and directs a subordinate body to carry it into effect, is subject to revision or repeal in the discretion of the Legislature. See Dodge v. Board of Education, 302 U.S. 74, 58 S.Ct. 98, 100, 82 L.Ed. 57. Hence, the controversy here reduces itself to the question as to which category Act 15 of 1915 falls.
 

 It has been said by the Supreme Court of the United States in Dodge v. Board of Education, supra, that:
 

 “In determining whether a law tenders a contract to a citizen, it is of first importance to examine the language of the statute. If it provides for the execution of a written contract on behalf of the state, the case for an obligation binding upon the state is clear. [Hall v. Wisconsin, 103 U.S. 5, 26 L.Ed. 302.] Equally clear is the case where a statute confirms a settlement of disputed rights and defines its terms.
 
 *290
 
 [New Jersey v. Wilson, 7 Cranch 164, 3 L.Ed. 303; New Jersey v. Yard, 95 U.S. 104, 24 L.Ed. 352.] On the other hand, an act merely fixing salaries of officers creates no contract in their favor, and the compensation named may be altered at the will of- the Legislature. [Butler v. Pennsylvania, 10 How. 402, 13 L.Ed. 472; United States v. Fisher, 109 U.S. 143, 3 S.Ct. 154, 27 L.Ed. 885; Fisk v. Jefferson, 116 U.S. 131, 133, 6 S.Ct. 329, 29 L.Ed. 587, 588; Mississippi for Use of Robertson v. Miller, 276 U.S. 174, 178, 48 S.Ct. 266, 268, 72 L.Ed. 517, 520.] This is true also of an act fixing the term or tenure of a public officer or an employe of a state agency. . [Crenshaw v. United States, 134 U.S. 99, 10 S.Ct. 431, 33 L.Ed. 825; Phelps v. Board of Education, 300 U.S. 319, 57 S.Ct. 483, 81 L.Ed. 674.] The presumption is that such a law is not intended to create private contractual or vested rights, but merely declares a policy to be pursued until the Legislature shall ordain otherwise. He who asserts the creation of a contract with the state in such a case has the burden of overcoming the presumption. [Christ Church v. Philadelphia County, 24 How. 300, 302, 16 L.Ed. 602, 604; Tucker v. Ferguson, 22 Wall. 527, 575, 22 L.Ed. 805, 815; New Jersey v. Yard, 95 U.S. 104, 24 L.Ed. 352, supra; Newton v. Mahoning County, 100 U.S. 548, 561, 25 L.Ed. 710, 712; Wisconsin & M. R. Co. v. Powers, 191 U.S. 379, 387, 24 S.Ct. 107, 48 L.Ed. 229, 231.]”
 

 Guided by the foregoing pronouncements, we turn to the provisions of Act 15' of 1915 for aid in solving the problem. The title of the statute discloses that its object is to provide for the creation of a Board of Examiners to examine applicants for certain offices and positions of employment in such warehouses and other structures in aid of commerce as may be erected and operated by the Board of Commissioners of the Port of New Orleans under Article 322 of the Constitution of 1913 and “to provide for the tenure of office or employment of these certain employees in said warehouses and other structures, * * * ”. Under Section 1 of the Act, a Board of Examiners, which is charged with the duty of examining all applicants for positions of trust or employment in the warehouses of the Dock Board, is created. Section 2 provides for the manner by which the members of the Board of Examiners are selected and by Section 3 the Board is given the right to employ clerical help. Section 4 declares that, after examinations are given by the Board, it shall certify the results thereof to the Board of Commissioners of the Port of New Orleans and Section 5 proclaims that all persons who have obtained employment after having successfully passed the examination prescribed by the Board of Examiners “shall hold their offices or employment during their good behavior” and that they may not be removed except for cause.
 

 It is our opinion that the statute sets forth a public policy respecting officers and employees of the Board of Commissioners of the Port of New Orleans — that is, a policy based on considerations of the merit of the employees rather than their political faith and which gives them the right to hold their jobs for an indefinite period as long as they properly fulfill the
 
 *292
 
 duties assigned to them; in short, civil service. But it can hardly be deduced that the Act indicates that the employee is engaged by contract within the meaning of the term as used in the Constitutions of the United States and of this State. A contract is a reciprocal obligation. Under a civil service law of this type, the employee is not bound to remain in the employ of the State agency. He may leave his employment at any time he sees fit. However, the employing agency may not discharge him without cause — because of the Legislature’s declaration of a public policy which gives him tenure for an indefinite period. But such grants of tenure do not constitute contracts and they may be abrogated or altered in the discretion of the Legislature by subsequent enactment.
 

 In the recent case of Higginbotham v. Baton Rouge, 190 La. 821, 183 So. 168, 171, which was later affirmed by the Supreme Court of the United States, see 306 U.S. 535, 59 S.Ct. 705, 83 L.Ed. 968, this court said: “The reason why the contract clause in the Constitution is not applicable to contracts of employment of persons to perform governmental functions is that the Legislature is forbidden to make an irrevocable surrender of any of the police power of the State.”
 

 Of course, it is to be conceded that a Legislature, by the passage of a law authorizing a contract to be made with a private citizen, cannot, by subsequent - action, impair the obligation of that contract under the guise of police power. See Hall v. Wisconsin, supra, and Indiana ex rel. Anderson v. Brand, 303 U.S. 95, 58 S.Ct. 443, 82 L.Ed. 685, 113 A.L.R. 1482. But such is not the case here.
 

 The cases of Hall v. Wisconsin and Indiana ex rel. Anderson v. Brand, which are strongly relied upon by the relator, are clearly distinguishable from the matter at hand. In the former, Hall was employed under written contract by the Governor of Wisconsin, acting by virtue of an enactment of the Legislature which authorized the making of a geological, mineralogical and agricultural survey of the State. Before his work under the contract was completed, the Legislature repealed the law which empowered the Governor to employ him. It was there .held by the Supreme Court that Hall’s employment to do specific work was a contract which could not be impaired without divesting him of the rights guaranteed by Section 10 of Article 1 of the United States Constitution.
 

 In the Brand case, the relator was employed under a Teachers’ Tenure Law of the State of Indiana which provided that teachers be required to enter into written contracts with the school corporation; that a teacher, who had served under contract for five or more successive years and thereafter entered into a contract for further service with the school corporation, shall become a permanent teacher and that the contract, upon the expiration of its stated term, shall be deemed to continue in effect for an indefinite period to be known as an indefinite contract and to remain in force unless succeeded by a new contract. This law was subsequently repealed, in so far as township schools were concerned, by the Indiana Legislature. The Supreme
 
 *294
 
 Court, in declaring that the relator had a contract which could not be abrogated by repeal, without divesting the right guaranteed to her by the contract clause of the Constitution, based its decision exclusively upon the fact that the law of Indiana prescribed that a written contract between the teacher and the school be entered into and that, consequently, the Teachers’ Tenure Law could not be placed in the category of laws which merely declare a public policy of a State. In reaching its conclusion, the court undertook to review at length the prior jurisprudence of the State of Indiana and found that its courts had declared that employment of teachers under the State Tenure Law were contracts.
 

 There is no language contained in the prior decisions of this State, in cases involving Act 15 of 1915, which indicates that this court has ever considered that employment under the statute constitutes a contract. See State ex rel. Exnicios v. Board of Commissioners, 153 La. 705, 96 So. 539; State ex rel. Sonnenberg v. Board of Commissioners, 149 La. 1095, 90 So. 417; State ex rel. Reuter v. Board of Commissioners, 161 La. 207, 108 So. 417, and State ex rel. Caire v. Board of Commissioners, 174 La. 516, 141 So. 46. And no language is to be found in the Act itself which would warrant the holding that the employment of the relator accorded to him a right which could not be divested by subsequent legislative action. On the contrary, the statute,' as we view it, provides merely for civil service. Such an enactment is no more than the expression of a public policy which is subject to change by the Legislature at its discretion.
 

 Counsel for relator has, in brief and in argument, urged us to resolve the question presented in relator’s favor by the application of the doctrine of contemporaneous construction and practice and he points to an opinion rendered by a former general counsel of the Board of Commissioners of the Port of New Orleans wherein it is declared that Act 16 of the Second Extraordinary Session of 1935 (the repealing act) cannot be construed to apply to employees in the employ of the Dock Board prior to its passage. We see no merit in this contention. The rule of contemporaneous construction of a statute can only be invoked where the construction to be given it is in doubt. See Penick & Ford, Ltd., Inc. v. Ehret, 166 La. 1, 116 So. 572, State v. J. Watts Kearney & Sons, 181 La. 554, 160 So. 77, and Parker v. Cave, Commissioner, 198 La. 267, 3 So.2d 617, decided on May 26, 1941. This is not the case here because the repealing act is clear and free from ambiguity.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 Affirmed.