YARRUT, Judge.
This is the second suit between the parties, the first being a joint suit for a Declaratory Judgment, decided in favor of Plaintiff, but annulled and set aside by the Supreme Court on the ground the controversy between the parties was not the proper subject for a Declaratory Judgment. See Orleans Parish School Board v. City of New Orleans, 238 La. 748, 116 So.2d 509.
This suit then followed and resulted in a judgment for Plaintiff for $13,171.40, with 5% interest from judicial demand and all costs, from which Defendant has taken this appeal.
Plaintiff is a political subdivision of the State and Defendant is a municipal corporation.
The facts involved were clearly-stated by the Supreme Court, in the case cited supra, as follows:
“On November 2, 1954, the voters adopted an amendment to Article 12, Section 16 of the Constitution of 1921 authorizing the Orleans Parish School Board to levy a tax of 11J4 mills on the dollar for the years 1955 through 1959, on the assessed valuation of all property assessed for city taxation within the City of New Orleans. This amounted to an increase of U/2 mills over the tax rate previously authorized. Both the School Board and the city desired to expedíate the collection of the additional tax, but at the time the new law was passed and promulgated, the city had already begun the preparation of its tax bills on immovable property for the year 1955 and had included therein the previously authorized 10-mill School Board tax. Therefore, immediate collection of the additional 114 mill tax on immovable property entailed either abandoning the prepared bills and preparing a new set, or preparing supplementary tax bills covering the 1-14-mill increase. Either plan necessitated an expenditure for clerical labor, printing and supplies which neither the city nor the School Board were willing to defray.
“To eliminate delay in collection of this tax increase, the parties entered into an agreement which provided that, upon deposit by the School Board with the city the sum of $20,000 in cash, the city would prepare supplementary tax bills on immovable property for the additional li^-mill tax, and would refund to the School Board the difference between the actual costs of preparing the bills (if. less than $20,000) and $20,000. The agreement further provided that the parties would file in the district court a joint petition for a declaratory judgment as to which party should bear the cost of preparing the supplementary tax' bills, *720 the losing party being bound by the contract to pay such costs. Subsequently, the city prepared the supplementary tax bills at a cost of $13,-171.40, remitted to the School Board $6,828.60, and filed with the School Board the joint petition for a declaratory judgment in this case.”
In reasons for judgment, the District Court, inter alia, held:
“The pertinent provisions of Section 16 of Article 12 of the La.Const., as amended, are as follows:
“ 'The Orleans Parish School Board * * * shall levy annually for the years 1955 — a tax not to exceed eleven and one-half (1114) mills * * * and shall certify the fact to the Council of the City of New Orleans * * * which shall cause said tax to be entered on the tax rolls of said City, and collected in the manner and under the conditions and with the interest and penalties prescribed by law for City taxes. The money thus collected shall be paid daily to said Board * * * >
“It is the opinion of the Court that the intent of the Constitution Article is that the School Board should get one hundred percent (100%) of all taxes levied by it without any right or authority from the City to lower the avails of such taxes or reduce the revenues of the School Board for any purpose.
“See Parker v. Cave [198 La. 267], 3 So. (2) 617; and Orleans Parish School Board vs. City of New Orleans [198 La. 483], 3 So. (2) 745.”
Defendant contends that since it received no benefit from the proceeds,of the supplementary bills, it would be unjust to say it must pay for them. Regardless of apparent equities, the collection of this lli^-mill tax by the City is required by provisions of Art. 12, § 16, of the LSA-Const. of 1921.
In the case of Parker v. Cave, supra, the Court said:
“ * * * In the absence of this provision, the School Board would have to collect its own taxes. But the School Board always has been a tax levying body, never a tax collecting body. Having granted the School Board the right to levy taxes, it was necessary for the framers of the Constitution to provide for their collection. In placing this duty upon the municipality, it clearly was not the intention of the lawmakers to grant to the municipality, as the designated tax collecting agency, the right to reduce the revenues of the School Board, the tax levying body, by lowering the percentage of the assessed valuation of the taxable property on which the tax is levied. * * * ”
Though not urged below but in this Court for the first time, Defendant pleads that the imposition of costs of collection of taxes on it violates La.Const. Art. 1, § 2, that “ * * * Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.”
The simple answer to this contention is that funds belonging to political corporations resulting from valid tax collections are public and are not private property, the expenditure of which may be regulated by the Constitution and statutes of the State.
For the reasons herein assigned, the judgment appealed from is affirmed.
Affirmed.