422 So.2d 247 (1982)
J.W. CLARK
v.
BOARD OF COMMISSIONERS, PORT OF NEW ORLEANS.
No. 13230.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Louis M. Jones, Asst. Atty. Gen., Paul A. Eckert, Staff Atty., Louisiana Dept. of Justice, New Orleans, for appellant.
Harvey C. Koch, Beard, Blue, Schmitt, Mathes, Koch & Williams, New Orleans, for appellee.
*248 Before GARRISON, AUGUSTINE and CIACCIO, JJ.
CIACCIO, Judge.
This is a devolutive appeal by the Board of Commissioners, Port of New Orleans (Dock Board) from a decision of the Civil District Court, Parish of Orleans, declaring that the term of office of a commissioner of the Dock Board begins on the date his commission is issued by the Governor, and that the term of office ends five years after the date of appointment. The trial court then enjoined the Dock Board from taking any action declaring the term of plaintiff-appellee, J.W. Clark, expired or his office vacant prior to March 8, 1983. We affirm.
On December 10, 1976, a vacancy was created on the Dock Board by the expiration of the term of office of one of its members. To fill this vacancy the Governor appointed the plaintiff-appellee, J.W. Clark, by commission dated March 9, 1978. At some time prior to December, 1981, the Dock Board notified Mr. Clark that his term of office would expire on December 10, 1981, and that on that date his office would be declared vacant. In reaction thereto, Mr. Clark filed this suit seeking to enjoin the Dock Board from pursuing any such procedure and for a declaratory judgment defining his term of office.
For purposes of trial, the parties filed a stipulation of facts. The stipulation set out that Mr. Clark had been appointed by commission of the Governor dated March 9, 1978. He took his oath of office, filed the oath with the Secretary of State, and began actively serving as a Board Member on March 23, 1978. Prior to December, 1981, the Dock Board notified Mr. Clark of its intention to declare his term expired and his office vacant as of December 10, 1981. And, as of December 10, 1981, Mr. Clark would have served three years and nine months as a Dock Board member.
The Dock Board maintains that a member's term of office begins on December 10th of the year that the term of his predecessor expires and lasts for five years thereafter. The Dock Board relates the present statutory provisions concerning the Dock Board back to the Louisiana Constitution of 1921. The Dock Board argues that the terms of office of its members begin on December 10th because that is the date that the 1921 Constitution was promulgated. The Dock Board policy for the past sixty years has been that the terms run for five years from December 10th regardless of when a member is appointed to serve his term.
Mr. Clark, however, reasoned that his term of office began from the time that he took his oath of office and began to serve. That date is March 23, 1978.
The issue presented to the trial court and now on appeal is to determine the term of office of a member of the Dock Board.
The trial court decided that Mr. Clark's term began on March 9, 1978, when he was appointed by the Governor. Mr. Clark's five year term, therefore, would last until March 8, 1983. Consequently, the trial court enjoined the Dock Board from declaring Mr. Clark's term expired any time prior to March 8, 1983.
In support of its position the Dock Board relies upon an opinion of Attorney General A.V. Coco (Op.Atty.Gen., 1920-22, p. 919) and the doctrine of contemporaneous construction. The attorney general's opinion stated:
"The term of office of these commissioners began from the date our Constitution went into effect by promulgation, and not from the date of their appointment by the Governor."
This opinion cites as its only authority the case of State v. Young, 137 La. 102, 68 So. 241 (1915).
State v. Young deals with the issue of whether the Governor could fill a vacancy for bank examiner when the Senate was in recess, and the right of a person so appointed to take office. The beginning of a bank examiner's term was specifically provided for by statute, but the Court said that, if it had not been so provided, the term would have begun on the date the act creating the office became effective.
*249 Article 194 of the Constitution of 1898 provided:
"There shall be appointed by the Governor, by and with the advice and consent of the Senate, a state examiner of state banks, who shall be an expert accountant, and who shall make examinations of all state banks at least twice in every year. His term of office shall be four years and the Legislature shall define his duties and fix his compensation."
Subsequently, Act No. 198 of that year provided:
... "He ... shall serve for four years from the date of his induction into office..."
In contrast to the above demonstrated brevity of Article 194 of the 1898 Constitution, Article VI, Section 17 of the 1921 Constitution covering the Dock Board contains some 17 paragraphs and provides, among other things, for a very complex nominating procedure, for appointment by the governor without the advice and consent of the Senate, and for an exclusive removal procedure.
The two constitutional provisions have nothing in common except a final appointment by the Governor. Further, since the Young Court was not presented with the issue in this case, its comments thereon must be classified as dicta.
The Court in State v. Young cites and quotes as its authorities the cases of Bry v. Woodroof, 13 La. 556 (1839) and State ex rel. Wilson v. Parker, 30 La.Ann. 1182 (1878). The Woodroof and Parker courts also dealt with statutes entirely different from those covering the Dock Board. Woodroof and Parker presented the issue of when a term of office, not otherwise provided for, begins. A careful examination of these opinions reveals that they do not support the Dock Board's position in this matter.
The Dock Board argues for December 10th, the date the 1921 Constitution was promulgated, as the day to begin and end terms. In Bry v. Woodroof, supra, the Court held the term of office under consideration to begin on the day of the date of the act. In State ex rel. Wilson v. Parker, supra, the Court held with regard to the office of public administrator that the term begins with the going into effect of the act creating the office. Each opinion relied upon by the Dock Board dealt with a different office and each decision chose a different starting point from which to calculate the term of office.
The Dock Board provisions are detailed and unique with regard to selection, nomination and removal of Board members. Judicial precedent resolving particularly the questions presented by this case cannot be found. The answers must come from applying the standard rules of interpretation directly to the statute.
The Louisiana Constitution of 1974 relegated the Dock Board provisions to the revised statutes, Title 34:1 et seq. The portion of the statute pertinent to this case is R.S. 34:1(K) which reads:
"K. Term of appointment; filling unexpired term; reappointment. A person appointed to fill a vacancy that occurred other than by expiration of a term shall serve for the unexpired portion of the term. Otherwise, each member appointed to the Board shall be appointed for a term of five years. No member of the board shall be eligible to succeed himself unless his immediately previous appointment was to serve the unexpired portion of a term which had less than two years to run."
Recent United States Supreme Court cases offer guidance in the area of statutory interpretation. From Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980):
"The Court has stated repeatedly of late that in any case concerning the interpretation of a statute the `starting point' must be the language of the statute itself." (at 100 S.Ct. 918).
And from Consumer Product Safety Comm. v. GTE Sylvania, Inc., 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980):
"We begin with the familiar canon of statutory construction that the starting *250 point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." (at 100 S.Ct. 2056)
See also: United States v. Apfelbaum, 445 U.S. 115, 100 S.Ct. 948, 952, 63 L.Ed.2d 250 (1980); Diamond v. Chakrabarty, 447 U.S. 303, 100 S.Ct. 2204, 2207, 65 L.Ed.2d 144 (1980); Dawson Chemical Co. v. Rohm & Haas Co., 448 U.S. 176, 100 S.Ct. 2601, 2608, 65 L.Ed.2d 696 (1980).
Looking to the language of the statute itself we find "... each member appointed to the board shall be appointed for a term of five years." The next step is to analyze this provision by using the standard rules of construction.
The fundamental rule of construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. Vermilya-Brown Co. v. Connell, 335 U.S. 377, 69 S.Ct. 140, 93 L.Ed. 1089 (1948); Webb v. Parish Council of Parish of East Baton Rouge, 47 So.2d 718 (La. 1950); Fagot v. Flintkote Co., 305 F.Supp. 407 (E.D.La.1969); Jefferson Parish v. Stansbury, 228 So.2d 743 (La.App. 4th Cir., 1969).
To that end, the following presumptions apply:
That the legislature understood the meaning and effect of the words it used. United States v. Goldenberg, 168 U.S. 95,18 S.Ct. 3, 42 L.Ed. 394 (1897), State v. Coulon, 3 So.2d 241 (La.1941).
That it intended to use those words. Goldenberg, supra; Lyons v. H.K. Ferguson Co., 16 So.2d 587 (La.App. 1st Cir.1944).
That every provision has a useful purpose, and effect is to be given to each provision. State v. Texas Co., 17 So.2d 569 (La.1944); Legros v. Conner, 212 So.2d 177 (La.App. 3d Cir.1968).
Further, a cardinal rule of construction is that all parts should be harmonized, if possible, so that no provision is rendered void or meaningless. Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); Markham v. Cabell, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945); St. Martin Parish Police Jury v. Iberville Parish Police Jury, 212 La. 886, 33 So.2d 671 (1947); Giles v. Breaux, 160 So.2d 608 (La.App. 1st Cir. 1964); Fakier v. Picou, 166 So.2d 257 (La. 1964); Campbell v. Standard General Realty Co., 185 So.2d 598 (La.App. 4th Cir.1966), writ ref. 187 So.2d 440.
As phrased by the Court in Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336, 339 (1962), "... meaning should be given, if possible, to each and every section, and the construction placed on one portion should not be such as to obliterate another..."
The Dock Board's practice of beginning and ending each term on December 10th prevents any member from serving a full five years because of the statutory requirement that the nominating procedure begin only after a term has expired. L.S.A.-R.S. 34:1. The clear language of the statute provides that Board members appointed to fill a vacancy created by the expiration of a predecessor's term are appointed to serve a minimum of five years. The earliest possible date on which an appointee's term could begin, therefore, is the date on which he is appointed.
In further support of its position the Dock Board also relies on the doctrine of contemporaneous construction. This doctrine is not absolutely applied. Both the United States and the Louisiana Supreme Courts have long held that contemporaneous construction is only an aid in interpreting ambiguous language.
In Houghton v. Payne, 194 U.S. 88, 100, 24 S.Ct. 590, 593, 48 L.Ed. 888 (1904), the Court said:
"Contemporaneous construction is a rule of interpretation, but is not an absolute one. It does not preclude an inquiry by the courts as to the original correctness of such construction. A custom of the Department, however long continued by successive officers, must yield to the positive language of the statute." Quoted and followed by Parker v. Cave, 198 La. 267, 3 So.2d 617, 621 (1941).
*251 Some 75 years later, the Houghton analysis was echoed in the case of Southeastern Community College v. Davis, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979). The Court held that although an agency's interpretation of a statute under which it operates is entitled to some deference, such deference is constrained by the court's obligation to honor the clear meaning of a statute, as revealed by its language, purpose and history.
Louisiana courts also sharply limit the application of this doctrine. In State of Louisiana v. U-Drive It Car Co., 79 So.2d 590, 594 (La.App.Orl.1955), the court held that contemporaneous construction did not apply to a Collector of Revenue's ruling which had been followed for some fifteen years. The rule prevailing in this State, it said, "has been enunciated in the relatively recent case of Liquidation of Canal Bank & Trust Co., 211 La. 803, 30 So.2d 841, 849 (1947) wherein the court during the course of its opinion asserted:
"`While it is the generally accepted rule that the contemporaneous construction given a statute by those charged with its execution is entitled to great weight and should not be disregarded except for cogent reasons, this rule is not controlling, particularly if such construction is erroneous.'" (Citations omitted) (Emphasis added)
See also State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601, 605-606 (La.1937); State ex rel. Munsch v. Board of Comm'rs., Port of New Orleans, 198 La. 283, 3 So.2d 622 (1941); Gulf Shipside Storage Corp. v. Thames, 46 So.2d 62 (La.1950).
In Dunhill of Lafayette, Inc. v. Marion Corp., 390 So.2d 224 (La.App.1980), the court noted that where no ambiguity exists or where the contemporaneous construction being followed is clearly erroneous, the rule is inapplicable.
"... [E]ach member appointed to the board shall be appointed for a term of five years." There is no ambiguity in this language. A full term on the Dock Board involves serving a minimum of five years. Although practiced in good faith for the past sixty years in reliance upon the opinion of Louisiana's Attorney General, the Dock Board's present method of beginning and ending every term of office on December 10th is erroneous.
Although, as previously pointed out, the unique provisions of the Dock Board statutes make the finding of an "all-fours" precedent impossible, the following case is highly persuasive. Particularly is it so in light of the fact that no Louisiana court (except the District Court below) has ever considered the matter of when a Dock Board term of office begins.
In the case of People v. Nickel, 9 Cal.App. 783, 100 P. 1075 (1909), the Attorney General of California brought a proceeding to oust defendants from their offices as port wardens of the Port of San Francisco. The governor had delayed appointing these wardens until some time after the preceding terms had expired so that at the time the action was brought they had not served their full four year terms.
The Attorney General's position was that a port warden's term of office began with the expiration of his predecessor's term and that, no matter how long his appointment had been delayed, he was entitled to serve only the remaining portion of the four year period.
The Court held, however, that the Attorney General's theory would be correct only if the statute creating the office had set a beginning date. After analyzing the statute, the Court said:
"It will thus be seen that the term of office of a port warden is simply fixed as a period of timefour yearsand no particular date is established for either the beginning or ending of the term. Under such circumstances it is well established that each incumbent takes a term, running from the date of his appointment, equal in duration to the period of time fixed by the statute as the term of office...
"As the term of each defendant did not begin until he was appointed, and four years have not elapsed since the appointment *252 of either, each is entitled to hold the office to which he was appointed until the expiration of that period." (100 P. at pages 1076-1077) (Citations omitted) Cited in Simpson v. City of Gulfport, 239 Miss. 136, 121 So.2d 409 (1960).
The foregoing examination of the unambiguous language of the Dock Board statutes admits of only one conclusion: A Dock Board member's term begins on the date of his appointment by the governor and ends five years later.
The statute provides for a detailed procedure by which the nominating council responsible for a particular vacancy, certifies to the Governor, within certain time constraints, the names of three nominees. "... [F]rom among the nominees thus certified the governor shall make an appointment..." The statute does not require the Governor to act upon the nominations by any specified time period.
The present Dock Board procedure of beginning and ending each term on December 10th allows the Governor, either intentionally or through oversight, to effectively shorten a commissioner's term by a delay in making the appointment.
The prerogative belongs to the Legislature, if it so desires, to place time limits on the Governor to make his appointments and/or to provide a specific date on which Dock Board terms of office are to begin. The Courts have the duty to interpret the laws as legislated and, when possible, to honor the clear meaning of a statute as revealed by its language, purpose and history.
The clear meaning of R.S. 34:1(K) provides for a full five year term of office for Dock Board members. A Board member's term cannot begin before he is appointed. A board member, therefore, shall serve a term beginning from the date of his appointment and lasting for five years.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.