Dear Mr. Rombach:
This office is in receipt of your request for the opinion of this office with regard to the following:
1. "In reference to R.S. 24:605, is it your opinion that the legislative fiscal officer should secure a recommendation from the Joint Legislative Committee on the Budget on appointments and removal of employees or only on the fixing of salaries?"
2. "Further, if the Joint Legislative Committee on the Budget were to make a salary recommendation for the legislative fiscal employees other than the legislative fiscal officer is it your opinion that such a recommendation would be binding on the legislative fiscal officer or merely a suggestion or recommendation?"
R.S. 24:605 pertinently provides:
 "A. The legislative fiscal officer shall appoint and remove all . . . employees and shall fix all salaries upon the recommendation of the Joint Legislative Committee on the Budget . . .
 * * *
 C. The Joint Legislative Committee on the Budget shall be the governing council of the legislative fiscal office for purposes of rules and regulations adopted by the legislature to govern expenditure of legislative funds and related matters. (Emphasis supplied)
Also pertinent to your request is R.S. 24:602, which provides that the legislative fiscal officer:
 ". . . shall have general administrative control over the operations and functions of the office subject to the policies and directives of the legislature and of the Joint Legislative Committee on the Budget . . ."
In response to your first question, it is the opinion of this office that in accordance with R.S. 24:605A, the legislative fiscal officer has the authority to appoint and remove employees of the legislative fiscal office if he secures a recommendation from the Joint Legislative Committee on the Budget.
Since this office is not a finder of fact, we cannot give consideration to any oversight the Committee may or may not have exercised over the fiscal office in the past. However, this office is advised that in practice, the Joint Legislative Committee on the Budget has not been consulted regarding the hiring and firing of fiscal office employees.
If the Joint Legislative Committee on the Budget has acquiesced to independent hiring and firing practices by the Fiscal Officer, then a court, as a finder of fact, could determine that the doctrine of contemporaneous construction dictates an interpretation of 24:605A which is the opposite of the opinion expressed herein. Of course, if the court were to determine that 24:605A is unambiguous and that the Budget Committee should exercise such oversight, then the doctrine of contemporaneous construction would be inapplicable. Clark v. Board of Commissioners, 422 So.2d 247, 251 (La.App. 4th Cir. 1982).
In response to your second question, it is the opinion of this office that salary recommendations made by the Joint Legislative Committee on the Budget are binding on the Legislative Fiscal Officer, and are not merely a suggestion or recommendation. We are aware that use of the word "recommendation" is cause for some confusion, and we suggest that the Legislature clarify its position in this regard at the next regular legislative session. However, we base our opinion regarding this matter on the use of the word "shall" in R.S.24:605A. In our opinion, the phrase ". . . shall fix all salaries upon the recommendation of the Joint Legislative Committee on the Budget . . ." requires the Legislative Fiscal Officer to adhere to the "recommendation" of the Committee.
Yours very truly,
 Richard P. Ieyoub Attorney General