Dear Senator Rayburn:
You have requested an opinion of this office relative to the authority and powers of the Joint Legislative Committee on the Budget (the "Budget Committee") with respect to the Legislative Fiscal Officer and the operations of the Legislative Fiscal Office. As your request indicates, R.S. 24:601-608 provides for the Legislative Fiscal Office, and contains a number of references to the Budget Committee. R.S. 24:602, 603, and 605 contain the provisions which are pertinent to your inquiry.
R.S. 24:602 provides that the legislative fiscal officer:
 ". . . shall have general administrative control over the operations and functions of the office subject to the policies and directives of the legislature and of the Joint Legislative Committee on the Budget . . ."
In accordance with R.S. 24:602, the control given to the Legislative Fiscal Officer for administration of his office is "subject to" the policies and directives of the Budget Committee. As such, it is the opinion of this office that the Budget Committee has statutory authority to direct and limit the Legislative Fiscal Officer's control over the administration of his office, which the Budget Committee may exercise by the issuance or imposition of policies and/or directives.
R.S. 24:603 provides for and lists the duties and functions of the Legislative Fiscal Office, and pertinently states:
 "Subject to the general direction and supervision of the Joint Legislative Committee on the Budget, the legislative fiscal office shall have the following duties and functions . . ."
In accordance with R.S. 24:603, the duties and functions of the Legislative Fiscal Office are "subject to" the direction and supervision of the Budget Committee. As such, it is the opinion of this office that the Budget Committee has statutory authority to direct and supervise the duties and functions of the Legislative Fiscal Office enumerated in R.S. 24:603.
R.S. 24:605 provides:
 "A. The legislative fiscal officer shall appoint and remove all . . . employees and shall fix all salaries upon the recommendation of the Joint Legislative Committee on the Budget . . .
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 C. The Joint Legislative Committee on the Budget shall be the governing council of the legislative fiscal office for purposes of rules and regulations adopted by the legislature to govern expenditure of legislative funds and related matters. (Emphasis supplied)
As stated in Atty.Gen.Op. 94-485, copy attached, it is the opinion of this office that R.S. 24:605A requires the Legislative Fiscal Officer to secure the recommendation of the Budget Committee regarding the appointment and removal of employees of the Legislative Fiscal Office.
It is also the opinion of this office that recommendations regarding the appointment and removal of employees and salary recommendations made by the Joint Legislative Committee on the Budget are binding on the Legislative Fiscal Officer. We note that use of the word "recommendation" in R.S. 24:605 is cause for some confusion, and we suggest that the Legislature clarify its position in this regard at the next regular legislative session. However, we base our opinion regarding this matter on the use of the word "shall" in R.S. 24:605A. In our opinion, the phrase ". . . shall fix all salaries upon the recommendation of the Joint Legislative Committee on the Budget . . ." requires the Legislative Fiscal Officer to adhere to the "recommendation" of the Committee.
As recognized in Atty.Gen.Op. 94-485, this office is not a finder of fact, and, therefore, cannot give consideration to any oversight the Budget Committee may or may not have exercised over the Fiscal Office in the past. However, this office is advised that in practice, the Budget Committee has not, or has rarely, been consulted regarding the operation of the Legislative Fiscal Office or the hiring and firing of Fiscal Office employees.
If the Joint Legislative Committee on the Budget has acquiesced to independent operation and hiring and firing practices by the Legislative Fiscal Officer, then a court, as a finder of fact, could determine that the doctrine of contemporaneous construction dictates an interpretation of24:602, 603, and 605, which is the opposite of the opinion expressed herein. Of course, if the court were to determine that these provisions of law are unambiguous and that the Budget Committee should exercise such oversight, then the doctrine of contemporaneous construction would be inapplicable. Clark v. Board of Commissioners, 422 So.2d 247, 251 (La.App. 4th Cir. 1982).
Your letter refers to Section 4 (C) of the Legislative Appropriation Act (Act 41 of the 1994 Regular Session) which provides that the funds for the operation of the Legislative Fiscal Office are appropriated to the Budget Committee and that the "operations and functions of the Legislative Fiscal Office shall be under the direction and supervision" of the Budget Committee. While this provision of the Appropriation Act may be considered an additional indication of legislative intent that the Budget Committee direct and supervise the Legislative Fiscal Office, the provision cannot be given substantive effect. It is well established that an appropriation bill may not incorporate substantive law. Henry v. Edwards, 346 So.2d 153 (La. 1977); Atty.Gen.Ops. 89-25, 89-230, 93-493, 93-594.
Please contact me if the Attorney General's office can be of further assistance to you or the Budget Committee.
Yours very truly,
 Richard P. Ieyoub Attorney General