Dear Ms. Monroe:
You advise that former Governor M. J. "Mike" Foster, Jr. appointed a commissioner to the Morgan City Harbor and Terminal District for a term of nine (9) years, under authority of R.S. 34:322.[1]
The commissioner continued to serve on the Board beyond the expiration of the term for which he was appointed and without a formal reappointment by Governor Foster. Governor Blanco reappointed this commissioner on August 1, 2004, for a new term of nine years. You ask us to determine when this second term ends.
Our conclusion is based upon the decision of the appellate court in Clark v. Board of Commissioners, Port of New Orleans,422 So.2d 247 (La.App. 4th Cir. 1982) in which the court considered the matter of when a dock board term of office begins. Reviewing the provisions of R.S. 34:1 pertaining to the Board of Commissioners of the Port of New Orleans, the court stated:
 The present Dock Board procedure of beginning and ending each term on December 10th allows the Governor, either intentionally or through oversight, to effectively shorten a commissioner's term by a delay in making the appointment The prerogative belongs to the Legislature, if it so desires, to place time limits on the Governor to make his appointments and/or to provide a specific date on which Dock Board terms of office are to begin. The Courts have the duty to interpret the laws as legislated and, when possible, to honor the clear meaning of a statute as revealed by its language, purpose and history The clear meaning of R.S. 34:1(K) provides for a full five year term of office for Dock Board members. A Board member's term cannot begin before he is appointed. A board member, therefore, shall serve a term beginning from the date of his appointment and lasting for five years. Clark, supra, at pages 251 and 252 (emphasis added).
We have reviewed the provisions of R.S. 34:322 which govern the Morgan City Harbor and Terminal District and conclude the reasoning of the Clark case is applicable. Thus, this commissioner's second term begins on the date of his appointment by Governor Blanco (August 1, 2004) and ends nine years later (August 1, 2013).
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 34:322 states:
CHAPTER 1. PORTS AND HARBORS
PART V. MORGAN CITY HARBOR AND TERMINAL DISTRICT
§ 322. Board of commissioners; members; vacancy; compensation; officers, agents, and employees
A. (1) The governing authority of the district is hereby declared to be a board of commissioners consisting of nine members, who shall be citizens of the United States and qualified voters and taxpayers within the limits of said district during their term of office.
(2) The commissioners shall be appointed by the governor, five of whom shall be appointed for terms of one, two, three, four, and five years from a list composed of three names submitted by each of the following to the governor:
(a) The governing authority of the city of Morgan City.
(b) The governing authority of the town of Berwick.
(c) The police jury of St. Mary Parish.
(d) The Lions Club of Berwick, Louisiana.
(e) The Rotary Club of Morgan City, Louisiana.
(f) The Morgan City/Berwick Junior Chamber of Commerce.
(g) The Kiwanis Club.
(h) The East St. Mary Chamber of Commerce.
(3) The remaining four commissioners shall be appointed by the governor, without recommendations, for six, seven, eight, and nine years, two of which appointments shall be of persons living and residing in the 9th Ward of St. Mary Parish, Louisiana.
(4) Any vacancy in any original terms shall be filled by the governor in the same manner as the appointment was originally made for the unexpired term. Any vacancy occurring due to expiration of the original term shall be filled by the governor in the same manner as above provided for the term of nine years.
B. (1) The board of commissioners shall serve without compensation; however, it may:
(a) Authorize a reasonable travel allowance for its members in the performance of their official duties, not to exceed the mileage reimbursement rate used by the Louisiana Legislature.
(b) Reimburse its members for actual expenses incurred in the performance of their official duties on behalf of the district.
(2) The board may employ such officers, agents, and employees as it finds necessary in the performance of its duties, and it may prescribe the duties, powers, and compensation of the officers, agents, and employees.
(3) The board of commissioners may contract for legal, financial, accounting, engineering, consulting, and other professional services necessary or expedient in the conduct of its affairs, and it may utilize the services of other executive departments of the state.