Dear Ms. Simmons:
You requested an Attorney General's opinion regarding the expiration of the term of the educational or regulatory member and the public member of the board. You advised that the initial educational or regulatory member ("regulatory member") and the initial public member ("public member") were both appointed on October 23, 2002. You further advise that the regulatory member's term is four years and the public member's term is five years. Moreover, you advise that the Department of Boards and Commissions has instructed that the term of each architectural board member shall expire on December 31 of the year in question. To that end, seldom, if ever, do the board members serve exactly six years.
Specifically, you seek our opinion as to whether the term of these two members will expire four years and five years from the date of appointment, which is October 23, 2006 and October 23, 2007, respectively. The particular statutes that you refer to, in pertinent part, read:
La. R.S. 37:143. Term of office
 A. Each member shall serve six years, or until his successor is duly appointed, except the initial educational or regulatory member appointed pursuant to R.S. 37:142(C) shall serve a term of four years and the initial public member appointed pursuant to R.S. 37:142(D) shall serve a term of five years. B. The board shall advise the governor of the expiration of the term of the board members. All vacancies shall be filled in the same manner as prescribed for new members in R.S. 37:142.
This office has previously addressed the term of office of a board member in La. Atty. Op. 04 — 0362. We opined that the member's term shall begin from the date of his or her appointment and lasts for five years. For instance, if a board — member was appointed October 23, 2002, his term would expire October 22, 2007. Moreover, we base our opinion upon the decision of the appellate court's ruling in Clark v. Board ofCommissioners, Port of New Orleans, 422 So. 2d 247 (La.App. 4th Cir. 1982). In Clark, the issue before the court was to determine the term of office of a board member. The Clark court stated that the board member shall serve from the time of his appointment and serve for five years. Likewise, the terms of the board members at issue here began on October 23, 2002; therefore, their terms expire on October 22 of the term year.
Notwithstanding the aforementioned, the issue then becomes whether the member can continue to serve on the board until December 31, 2006, which would be tantamount to serving four years and two months. To answer this, we look to the pertinent language of La. R.S. 37:143(A), which clearly states, "Each member shall serve a certain number of years or until his successor is duly appointed."
Louisiana courts have consistently applied the standard rules of construction. Accordingly the Clark court stated that the fundamental rule of construction is to ascertain and give effect to the intention of the legislature as expressed in the statute.[1] The Clark court further reasoned, "A cardinal rule of construction is that all parts should be harmonized, if possible, so that no provision is rendered void or meaningless." To this end, La. R.S. 37:143 requires board members to serve for a minimum of the statutory term; however, they may continue to serve on the board "until a successor is duly appointed" by the Governor. Ultimately, the regulatory member should continue to serve in his capacity as a board member until the Governor appoints a successor even though he exceeds the four year term.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of help to you or to the Board in the future.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:_______________________ ANTHONY D. WINTERS Assistant Attorney General
 CCF, JR:ADW:jv
[1] Clark, at 250.