PONDER, Justice.
 

 The Orleans Parish School Board brought this suit against the City of New Orleans, the Commission Council and each of its members, and the Commissioner of Public Finances, seeking by mandamus to compel the defendants to' pay over daily to the School Board all monies realized from the collection of the seven-mill school tax in the Parish of Orleans as required by Section 16 of Article 12 of the Constitution of this State. The plaintiff asked for a money judgment against the City of New Orleans in the sum of $125,430.62, which represents the amount withheld under the authority of Ordinance Number 14,458, Commission Council Series of the
 
 *486
 
 City of New Orleans, with the reservation of plaintiff’s rights to recover any additional amounts withheld. The plaintiff also asked that Ordinance Number 14,458 be declared unconstitutional, null and void. The defense is to the effect that the ordinance is constitutionally enacted and that the City of New Orleans is legally within its rights in making the one percent deduction for the expense of collecting the tax under the provision of the ordinance. On trial of these issues the lower court gave judgment in favor of the plaintiff as prayed for. The defendants have appealed.
 

 Counsel for the appellants and counsel for the appellee concede in their briefs that the sole question involved on this appeal is the constitutionality of Ordinance Number 14,458, Commission Council Series, adopted by the Commission Council on September 18, 1936. The judgment of the lower court in its entirety must stand or fall on the determination of this question.
 

 The pertinent part of Ordinance Number 14,458 reads as follows:
 

 “An ordinance authorizing the Commissioner of Public Finance to deduct one (1%) percent on all real and personal property taxes collected by his department for the cost of collections.
 

 “Section 1. Be it ordained by the Commission Council of the City of New Orleans, that the Commissioner of Public Finance deduct for the cost of collections one (1%) percent on all real and personal property taxes paid into the City; said one (1%) percent deduction to be used to defray the expense and cost of the collection of said taxes; provided that the-provisions of this ordinance shall not apply to the one percent (1%) debt tax and the two (2) mill tax levied and collected pursuant to the provisions of Act 110 of 1890- and Act 6 of the Extra Session of 1899, respectively.”
 

 The pertinent part of Section 16 of Article 12 of the Constitution of 1921 reads as follows:
 

 “Section 16. The Orleans Parish School Board, or its successor in law, shall levy annually a tax not to exceed seven (7) mills, on the dollar on the assessed valuation of all property within the city of New Orleans assessed for city taxation and shall certify the fact to the Commission Council of the City of New Orleans, or other governing body of said city, which shall cause-said tax to be entered on the tax rolls of said city and collected in the manner and under the conditions and with the interest and penalties prescribed by law for city taxes. The money thus collected shall be paid daily to said board. No portion of' said tax in excess of five and one-fourth-(5%) mills shall be used except for the purpose of purchasing, constructing, repairing and maintaining buildings for public school, purposes.”
 

 Act 34 of 1924 was enacted to carry into-effect Section 16 of Article 12 of the Constitution, and provides in Section 1, viz:
 

 “Be it enacted by the Legislature of Louisiana, The Orleans Parish School Board, or its successor in law, shall levy annually a tax, not to exceed seven (7)
 
 mills
 
 on the dollar, on the assessed valuation of all property within the City of New Or
 
 *488
 
 leans assessed for city taxation, and shall certify the fact to the Commission Council of the City of New Orleans, or other governing body of said City, which shall cause said tax to be entered on1 the tax rolls of said city and collected in the manner, and under the conditions and with the interest and penalties prescribed by law for city taxes. The money thus collected shall be paid daily to said Board. No portion of said taxes, in excess of five and one-quarter (5%) mills, shall be used except for the purpose of purchasing, constructing, repairing and maintaining buildings for public school purposes.”
 

 Section 16 of Article 12 of the Constitution of 1921 was amended by an amendment submitted by Act 264 of 1926. This amendment does not change or affect the constitutional provision above quoted and is of no importance in this case.
 

 From a mere reading of the constitutional provision and the act carrying it into effect it is apparent that it is the mandatory duty of the Commission Council to cause the seven-mill school tax to be collected under the same procedure that it collects its own taxes. It is equally their mandatory duty to pay whatever proceeds that are derived from the' tax daily to the School Board. The language used, “the money thus collected shall be paid daily to said board” in the constitutional provision and the act carrying it into effect is clear and unambiguous and necessarily means all money collected by the City from this tax must be paid daily to the School Board. The words “the” arid “thus” as used in the provision “the money thus collected shall be paid * * * to said board” are clear and clearly indicate it was intended that the entire amount collected from the seven-mill tax shall be paid to the School Board daily. To permit the payment of any sum less than the entire amount derived from the tax would violate the provision. If the lawmakers had intended to allow a deduction to be made to cover the expenses of collecting the tax some provision to that effect would have been made.
 

 The territorial limits of the City of New Orleans are co-extensive with those of the Parish of Orleans. The Orleans Parish School Board and the City of New Orleans are separate and distinct political entities. They are governed by separate laws. The City* operates a municipality and the School Board operates a state agency for the administration of public education. The City has many resources for obtaining necessary funds to carry on its affairs but the School Board is limited under the law to the annual tax of seven mills and the current school funds it receives from the State. The City maintains a collecting department and necessarily will have to maintain such for the collection of its taxes. The School Board has the power to levy taxes but it has never been a collecting body. Having granted the School Board the right to levy taxes necessarily the framers of the Constitution had to make some provision for their collection. In imposing the duty upon the municipality to collect the school tax it was not the intention of the lawmakers to grant the municipality the right to reduce the revenues derived from the tax
 
 *490
 
 by charging a percentage for their collection or otherwise.
 

 This record shows that the collection of the tax does not impose a hardship upon the City or entail any additional cost. Undoubtedly the lawmakers had this in contemplation when the constitutional provision was framed and the act carrying it into effect was enacted. The record shows that the entry of the seven-mill school tax is placed on the city tax bills and its collection and transmission together with the collection and transmission of the City’s taxes entail no additional cost.
 

 We have reached the conclusion that the ordinance involved herein is unconstitutional insofar as it affects collection and remittance of the seven mills tax due the Orleans Parish School Board. The judgment of the lower court is correct and should be affirmed.
 

 For the reasons assigned, the judgment is affirmed at appellants’ cost.