LEMMON, Justice.
This case questions the constitutionality of that portion of Act 823 of 1980 which requires that certain expenses of the Assessors for the Parish of Orleans be borne proportionately by tax recipient bodies, which include the Orleans Parish School Board.
Act 823 of 1980 amended R.S. 33:4714. Prior to Act 823 of 1980, R.S. 33:4714 provided:
“The City of New Orleans shall provide and pay for suitable court rooms, offices, furnishings, and utilities for the various courts of the Parish of Orleans, the criminal and civil sheriffs, the recorder of mortgages and register of conveyances, and the clerks and constables of the city courts.”
Act 823 designated the above quoted provision of Section 4714 as Subsection A, leaving the provision substantially unchanged, and added Subsections B and C, as follows:
“B. The cost of salaries and operating expenses needed by the assessors of Orleans Parish shall be borne proportionately by all tax recipient bodies in the parish in proportion to the amount received from such tax monies by each recipient body in the parish. The council of the city of New Orleans shall appropriate these funds and bill the other tax recipients for their proportionate share of the cost payable the following budget period. These costs shall be subject to verification by the contributing tax recipients and appropriate adjustment made thereafter.”
“C. Courts and officers with judicial expense funds are hereby authorized to assist the city of New Orleans with the repair, renovation or construction of suitable courtrooms and quarters for the proper operation of their respective courts in Orleans Parish."
Pursuant to Subsection B, the City Council billed the School Board for a share of *1039 these expenses. The School Board responded by filing a petition for declaratory judgment and injunctive relief, seeking to have Act 823 of 1980 declared unconstitutional.
In the trial court the School Board contended that Act 823 violates La.Const. Art. VIII, § 13(C) (1974), which (the Board argues) bars the City from either withholding any portion of the funds collected on the Board’s behalf or billing the Board for the collection of its taxes.[1] The Board further contended that Act 823 was unconstitutional in that the Act was not confined to one object and the title of the Act was not indicative of its multiple purposes.
The trial court declared the Act unconstitutional as applied to the Orleans Parish School Board, reasoning on the basis of Art. VIII, § 13(C), and decisions of this court interpretive thereof that a statute cannot constitutionally require the School Board to contribute to the expenses of the Assessors. Finding Act 823 unconstitutional on this basis, the court did not rule on the Board’s other constitutional arguments.
Defendant appealed the ruling directly to this court. La.Const. Art. V, § 5(D) (1974). The School Board answered the appeal in this court, reasserting its argument that the Act is not confined to one object and that the title of the Act does not indicate its object, as required under La.Const. Art. Ill, § 15(A).[2] Because we find merit in the latter argument, we pretermit discussion of the constitutionality of Act 823 as applied to the School Board.[3]
Prior to Act 823 of 1980, R.S. 33:4714 simply addressed the physical requirements for the courts and judicial officers located in Orleans Parish. There was no reference whatever in the statute to the Orleans Parish Assessors or to the expenses of that office.
The title of Act 823 stated that the purpose of the Act was to provide for quarters for the court and officers in Orleans Parish.[4] There was no indication in the title that the purpose of the bill was to authorize the Orleans Parish Assessors to charge tax recipients, such as the School Board, for a share of the costs of collecting the taxes levied by those bodies.
The primary purpose of Art. Ill, § 15(A)’s requirement that every bill contain a brief title indicative of its object is to give the Legislature and the public fair *1040 notice of the scope of the legislation. The requirement is designed to prevent the deceptive practice of misleading the Legislature into the passage of provisions not indicated by the title of the bill. Terrebonne Parish Police Jury v. Board of Com'rs., 306 So.2d 707 (La.1975); A & M Pest Control Service, Inc. v. LaBurre, 170 So.2d 855 (La.1965). Moreover, the requirement of Art. Ill, § 15(A), applies to amendatory as well as to original legislation. A & M Pest Control, above. Since the title of the bill in this case does not give fair notice to the Legislature, the School Board, or the public in general that tax recipient bodies will be charged with certain of the Assessors’ expenses, we accordingly conclude that the title of the bill unconstitutionally fails to indicate that particular object of the legislation.
Furthermore, Act 823 contains more than one object. While Subsection C contains one object (the one indicated in the title) of allowing court and judicial officers with judicial expense funds to assist the City with the expenses of repair, renovation and construction of court facilities, Subsection B contains a second object, which (in addition to not being indicated in the title) is unrelated at all to the judicial system or to the original subject matter of R.S. 33:4714.
The purpose of the one-object requirement of Art. Ill, § 15(A) is to restrict a legislative act so that the Legislature does not have to consider the validity of two unrelated objects in deciding how to vote on a bill. State v. Cooper, 382 So.2d 963 (La.1980). Since Act 823 contains two unrelated objects, it violates the cited constitutional prohibition.
Nevertheless, when an act of the Legislature has more than one object and only one of those objects is reflected in the title of the act, the entire act is not necessarily unconstitutional. The unconstitutional portion of the act may be stricken, while the valid portion is enforced. State v. Ferguson, 104 La. 249, 28 So. 917 (1900); See G. Kean, The Title-Body Clause and the Proposed Statutory Revision, 8 La.L.Rev. 113 (1947).
Subsection C of Act 823 relative to the courts and judicial officers in Orleans Parish and the use of the judicial expense fund to provide for facilities is related to the former body of R.S. 33:4714 and does relate to the “quarters for the courts and officers for the parish of Orleans”, the object indicated in the title of the act. It is only Subsection B of Act 823 which violates the constitutional provisions on enactment of new bills. Moreover, Subsection B is not so interrelated with Subsection C that the two cannot be separated without destroying the legislative intent.
Accordingly, we hold that Section B of R.S. 33:4714, as enacted by Act 823 of 1980, is unconstitutional.
The judgment of the trial court is affirmed.

. La.Const. Art. VIII, § 13(C) provides in pertinent part:
“(C) Local Funds. Local funds for the support of elementary and secondary schools shall be derived from the following sources:
# * * * * *
“Second: The Orleans Parish School Board shall levy annually a tax not to exceed thirteen mills on the dollar of the assessed valuation of property within the city of New Orleans assessed for city taxation, and shall certify the amount of the tax to the governing authority of the city. The governing authority shall have the tax entered on city tax rolls. The tax shall be collected in the manner, under the conditions, and with the interest and penalties prescribed by law for city taxes. The money thus collected shall be paid daily to the Orleans Parish School Board.”

. La.Const. Art. Ill, § 15(A) (1974) provides:
“The legislature shall enact no law except by a bill introduced during that session, and propose no constitutional amendment except by a joint resolution introduced during that session, which shall be processed as a bill. Every bill, except the general appropriation bill and bills for the enactment, rearrangement, codification, or revision of a system of laws, shall be confined to one object. Every bill shall contain a brief title indicative of its object. Action on any matter intended to have the effect of law shall be taken only in open, public meeting.” (Emphasis supplied.)

. Defendants urged this court to reconsider the reasoning of prior cases which held that the City of New Orleans could not reduce the tax revenues of the Orleans Parish School Board by charging a percentage of collection expenses, or otherwise. See Orleans Parish School Board v. City of New Orleans, 198 La. 483, 3 So.2d 745 (1941); Parker v. Cave, 198 La. 267, 3 So.2d 617 (1941); Orleans Parish School Board v. City of New Orleans, 238 La. 738, 116 So.2d 505 (1959). However, it is unnecessary to reconsider those decisions in this case, since the issue has not been raised by a constitutionally enacted statute.

. The title of Act 823 reads:
“To amend and reenact Section 4714 of Title 33 of the Louisiana Statutes of 1950 to provide relative to quarters for courts and officers in the parish of Orleans and to provide further with respect thereto.”