935 So.2d 219 (2006)
Thomas E. SUND
v.
ST. HELENA PARISH SCHOOL BOARD.
No. 2005 CA 2473.
Court of Appeal of Louisiana, First Circuit.
May 5, 2006.
J. Craig LeJeune, Baton Rouge, Counsel for Plaintiff-Appellee Thomas E. Sund.
Franklin V. Endom, Jr., Robert L. Hammonds, Baton Rouge, Clifton T. Speed, Office of District Attorney, Greensburg, Counsel for Defendant-Appellant St. Helena Parish School Board.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
*220 GUIDRY, J.
A local school board appeals a trial court's order for the issuance of a writ of mandamus directing the school board to offer a two-year employment contract to *221 an employee. Based on the applicable law, we affirm.

FACTS AND PROCEDURAL HISTORY
On July 1, 2003, the St. Helena Parish School Board ("Board") entered into a "Contract of Employment for Administrative or Promotional Appointment" with Thomas Sund, employing him as an assistant principal for a period of two years, from July 1, 2003 through June 30, 2005, at a salary of $48,125 per year. Mr. Sund was initially assigned to perform his job duties of assistant principal at the St. Helena Central Elementary School.
A year later, Mr. Sund received a new appointment to work as assistant principal at St. Helena Central High School. In conjunction with the new appointment, Mr. Sund's salary was increased to $49,875 per year. Upon being appointed to the new position, Mr. Sund requested a new, two-year contract for the position he held. His request was denied, prompting Mr. Sund to file a petition for the issuance of a writ of mandamus directing the Board to offer him a new contract for the position of assistant principal at the high school.[1]
The matter was presented to the trial court. After taking the matter under advisement and considering post-trial briefs filed by the parties, the trial court issued a writ of mandamus directing the Board to offer Mr. Sund "a contract of employment for a minimum of two years, from July 1, 2004  June 30, 2006, at an annual salary of $49,875.00." It is from the issuance of the writ of mandamus that the Board suspensively appeals.

ASSIGNMENT OF ERROR
On appeal, the Board contends that the trial court erred in issuing a writ of mandamus commanding it to grant Mr. Sund a new, two-year employment contract. Mr. Sund answered the appeal requesting expedited consideration and attorney fees for work performed by counsel in opposing the appeal.

APPLICABLE LAW
Article 3863 of the Louisiana Code of Civil Procedure provides that a "writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. . .;" however, as indicated in La. C.C.P. art. 3862, use of this extraordinary remedy is limited to situations "where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice[.]"
Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. The remedy is not available to command the performance of an act that contains any element of discretion, however slight. Allen v. St. Tammany Parish Police Jury, 96-0938, p. 4 (La.App. 1st Cir.2/14/97), 690 So.2d 150, 153, writ denied, 97-0599 (La.4/18/97), 692 So.2d 455. Further, mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It never issues in doubtful cases. Wiginton v. Tangipahoa Parish Council, 00-1319, p. 4 (La.App. 1st Cir.6/29/01), 790 So.2d 160, 163, writ denied, 01-2541 (La.12/7/01), 803 So.2d 971.

*222 DISCUSSION
In bringing this appeal, the Board contends that the trial court erred in finding that La. R.S. 17:444(B) mandated that Mr. Sund be offered a new, two-year contract of employment under the circumstances. We disagree.
Louisiana Revised Statute 17:444(B) provides, in pertinent part:
B. (1) Whenever a teacher who has acquired permanent status, as set forth in R.S. 17:442, in a parish or city school system is promoted by the employing school board by moving such teacher from a position of lower salary to one of higher salary, such teacher shall not gain permanent status in the position to which he is promoted, but shall retain permanent status acquired as a teacher, pursuant to R.S. 17:442.
* * *
(3) . . . whenever a person is employed to take a position that pays a higher salary than that paid to a teacher in the system and the employment in the position of higher salary requires a teaching certificate or any appropriate administrative/supervisory endorsement, or both, all the provisions of this Subsection with regard to employment pursuant to a written contract containing performance objectives for a period of not more than four nor less than two years shall apply.

* * *
(4)(a)(i) . . . the employment provided for in this Section shall be for a term of not less than two years, except when such employment is for a temporary position, nor more than four years, and said term shall be specified in a written contract, which shall contain performance objectives. (Emphasis added.)
In accordance with these provisions, the Board offered Mr. Sund a two-year contract of employment appointing him to the position of assistant principal, for a period commencing on July 1, 2003 and ending on June 30, 2005. The contract specifically provided that (1) Mr. Sund be paid an annual salary of $48,125; (2) the Board had the right to transfer or reassign Mr. Sund to a position for which he is certified and which is of equal pay, rank, and dignity when the Board determined it to be in the best interest of the school system to do so; (3) Mr. Sund understood that his employment was not at a particular school site; and (4) if during the term of the contract Mr. Sund "is offered an appointment to a position of higher salary, then the acceptance of such appointment shall cause [the] contract to have no further affect whatsoever, as of the date of acceptance." (Emphasis added.)
At an August 9, 2004 meeting of the Board, the Board approved the administrative transfer of Mr. Sund from assistant principal of St. Helena Central Elementary School to assistant principal of St. Helena Central High School, effective July 30, 2004, for the 2004-2005 school year. Along with the transfer, Mr. Sund's pay rate was increased to $49,875 annually, effective July 30, 2004. Mr. Sund held the position of St. Helena Central High School Assistant Principal until June 13, 2005, on which date he was reassigned to the position of assistant principal of St. Helena Central Middle School.
Considering these facts in conjunction with the express provisions of La. R.S. 17:444(B), the Board was required to offer Mr. Sund a new, two-year contract. Louisiana Revised Statutes 17:444(B) expressly states that "whenever a person is employed to take a position that pays a higher salary than that paid to a teacher in the system. . .all the provisions of this Subsection *223 with regard to employment pursuant to a written contract . . . for a period of not. . . less than two years shall apply." Thus, to be in compliance with this statute, Mr. Sund's employment, in a position that pays a higher salary than that paid to a teacher in the system, had to be pursuant to a effective written contract.
Unfortunately, the Board erroneously assumed that Mr. Sund could perform the duties of his new position pursuant to the terms of the existing contract; however, that contract was no longer operative upon Mr. Sund's acceptance of "an appointment to a position of higher salary." The termination of the existing contract in accordance with its express terms resulted in Mr. Sund being employed with no effective contract in place. Louisiana Revised Statute 17:444(B) obligated the Board to offer Mr. Sund a new, two-year written contract of employment when this occurred.
Mr. Sund also filed an answer to the appeal requesting that the appeal be given expedited consideration and also requesting an award of reasonable attorney fees for the work performed by counsel in defending the appeal. The request to expedite the appeal was granted by order of this court on December 28, 2005. As for the request for attorney fees, additional attorney fees are usually awarded on appeal to an appellee when the appellant obtains no relief, and the appeal has necessitated additional work on the opposing party's counsel, provided that the opposing party appropriately requests an increase. Guidry v. Millers Casualty Insurance Company, 01-0001, p. 11 (La.App. 1st Cir.6/21/02), 822 So.2d 675, 684. Since Mr. Sund did not introduce any evidence attesting to the exact amount of expenses incurred, we believe an award of $1,000 for attorney fees to be sufficient.

CONCLUSION
Accordingly, based on the law and the evidence presented, we affirm the order of the district court issuing the writ of mandamus against the Board. We further render judgment awarding Mr. Sund $1,000 in attorney fees for additional expenses incurred for work performed by his counsel in successfully defending the appeal. All costs of this appeal in the amount of $2,369.25 are to be paid by the St. Helena Parish School Board.
AFFIRMED WITH ATTORNEY FEES AWARDED ON APPEAL.
NOTES
[1] Mr. Sund also made certain claims of damages in his petition, which claims were severed from his request for the issuance of a writ of mandamus as a result of the trial court sustaining the dilatory exception filed by the Board objecting to the improper cumulation of the request for a writ of mandamus and the demand for damages.